The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties in their Pre-Trial Agreement and at the hearing as
STIPULATIONS
1. At the time of the alleged injury or contraction of an occupational disease, the parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant/employer.
3. Defendant is self-insured and Key Risk Management Services is the servicing agent.
4. Plaintiff's average weekly wage was in excess of the applicable 1994 maximum compensation rate under the Act. A Form 22 was submitted to verify this average weekly wage.
5. Plaintiff's medical records were stipulated into evidence. They consist of: documentation from the ambulance report; documentation from Moses Cone Emergency Room; documentation from Henry W. B. Smith, III, M.D.; documentation from Moses Cone Hospital and documentation from Bryan K. Bartle, M.D. These records are marked stipulated Exhibit I.
6. The issues before this Commission are: (i) whether plaintiff sustained an injury by accident on or about October 14, 1994; (ii) if so, what, if any, compensation is due plaintiff; (iii) whether plaintiff contracted an occupational disease as a result of his employment with defendant/employer; (iv) if so, what, if any, compensation is due the plaintiff.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was employed by defendant/employer as interior foreman and was responsible for overseeing the maintenance and repairs of the interiors of airplanes.
2. On October 14, 1994, plaintiff experienced shortness of breath, lightheadedness and chest tightness. Plaintiff suspected that he might have suffered a heart attack on October 14, 1994.
3. Plaintiff was taken to the emergency room of Moses Cone Hospital and seen by Elliott L. Wentz, M.D. Dr. Wentz determined that plaintiff had not suffered a heart attack and that plaintiff's symptoms were a result of exposure to paint and glue fumes. Dr. Wentz discharged plaintiff and referred him to a cardiologist, Henry W. B. Smith, III, M.D.
4. Plaintiff did not experience any unusual or extraordinary exertion on October 14, 1994. Plaintiff was performing his regular duties in a normal and usual manner.
5. On October 20, 1994, plaintiff was examined by Dr. Smith. Upon examination, Dr. Smith admitted plaintiff/employee to the hospital that day and performed a cardiac catheterization the next day. This procedure revealed that the plaintiff suffered some blockages greater than seventy percent of all of the main vessels to his heart.
6. Dr. Smith referred plaintiff to a cardiac surgeon, Bryan K. Bartle, M.D. Dr. Bartle performed bypass surgery on October 25, 1994.
7. Since this surgery, plaintiff has been unable to work. Since April, 1995, plaintiff has received social security disability and long term disability payments under a policy with Paul Revere Insurance for total monthly amounts of $2,205.00. Defendant/employer paid one-hundred percent of the premium to long term disability of this policy.
8. On or about October 14, 1994, plaintiff/employee suffered from the following cardiac risk factors: hypertension, high cholesterol, obesity and a family history of cardiac problems.
9. Henry W. B. Smith, III, M.D. and Bryan K. Bartle, M.D. opined that plaintiff's cardiac condition and his problems on October 14, 1994 were not work related.
10. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff sustained an injury by accident arising out of and in the scope of his employment with defendant/employer on October 14, 1994.
11. There is insufficient medical evidence of record from which to determine by its greater weight that plaintiff contracted an occupational disease arising out of or in the scope of his employment with defendant/employer on October 14, 1994.
12. There is insufficient evidence of record from which to determine by its greater weight that plaintiff sustained an injury by accident arising out of or in the scope of his employment with defendant/employer on October 14, 1994.
13. There is insufficient evidence of record from which to determine by its greater weight that plaintiff contracted an occupational disease or that plaintiff's employment with defendant/employer placed plaintiff at an increased risk of developing an occupational disease than the members of the general public not so employed.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On October 14, 1994, plaintiff did not sustain an injury by accident arising out of or in the scope of his employment with defendant/employer. North Carolina General Statute Section97-2(6).
2. Plaintiff has no disease and no disability relating to causes and conditions which are characteristic and peculiar to plaintiff's employment with defendant/employer. North Carolina General Statute Section 97-53(13).
3. Plaintiff is, therefore, entitled to no compensation under the provisions of the North Carolina Workers' Act. North Carolina General Statute Section 97-2(6); North Carolina General Statute Section 97-53 (13).
******************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Each side shall bear its own costs.
******************
This the second day of September 1997.
 S/ ___________________________ LORRIE L. DOLLAR DEPUTY COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE BALLANCE COMMISSIONER
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
LLD:cll